[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11891

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAIRO NAUN GAYATN-REYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00100-RAL-CPT-1

_____

2                          Opinion of the Court                    22-11891

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Jairo Gayatn-Reyes appeals his conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). He argues that the notice to appear ("NTA") in his 2016 immigration proceedings was invalid because it didn't state the time and location of his removal proceedings and that the immigration judge ("IJ") therefore lacked jurisdiction to order him removed from the United States. Gayatn-Reyes contends that because his underlying removal order was invalid, his conviction based on illegal reentry is likewise invalid, so we should vacate his conviction. After careful consideration, we conclude that he is wrong on both counts.

We review *de novo* the legal question whether an indictment alleges an offense, but we review for abuse of discretion a district court's denial of a motion to dismiss an indictment. *United States v. Seher*, 562 F.3d 1344, 1356 (11th Cir. 2009). We also review *de novo* the validity of an underlying deportation order in a § 1326 proceeding. *United States v. Zelaya*, 293 F.3d 1294, 1297 (11th Cir. 2002).

An alien who has been removed from or has departed the United States while under an order of deportation or removal and thereafter "enters, attempts to enter, or is at any time found in, the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both." 8 U.S.C. § 1326(a). In a criminal

proceeding, the "alien may not challenge the validity of the deportation order" unless (1) he exhausted his administrative remedies; (2) the deportation proceedings "improperly deprived the alien of the opportunity for judicial review"; and (3) "the entry of the order was fundamentally unfair." *Id.* § 1326(d).

Gayatn-Reyes argues that § 1326(d)'s bar to challenging "the validity" of the previous order doesn't apply to a jurisdictional defect, or, in the alternative, asks that we remand to the district court for a determination of whether he satisfied that provision's three requirements. The district court didn't address § 1326(d)'s applicability because it concluded that Gayatn-Reyes's claim failed on the merits. We will likewise bypass the procedural issue and reach the merits.

In immigration proceedings, "[j]urisdiction vests, and proceedings before an [IJ] commence, when a charging document is filed with the Immigration Court." 8 C.F.R. § 1003.14(a). One form of a charging document is an NTA. *Id.* § 1003.13. Under INA § 239(a), 8 U.S.C. § 1229(a), a noncitizen facing deportation "shall be given in person" a "written notice" containing several statements, including, in relevant part, "[t]he time and place at which the proceedings will be held." INA § 239(a)(1)(G)(i), 8 U.S.C. § 1229(a)(1)(G)(i). In *Pereira*, the Supreme Court held that a notice that fails to inform the noncitizen of the time and place of his removal proceedings is deficient and does not qualify as an NTA under § 1229(a) for purposes of the stop-time rule for cancellation of removal. *Pereira v. Sessions*, 138 S. Ct. 2105, 2114 (2018).

An NTA's deficiencies, however, don't always deprive an IJ of jurisdiction over removal proceedings. In *Perez-Sanchez*, the petitioner sought our review to determine whether the IJ who ordered his removal had jurisdiction over his case when the NTA he was issued didn't include the time or date of his removal hearing. *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1150 (11th Cir. 2019). Based on *Pereira* and § 1229(a)'s definition of an NTA, he argued that a notice lacking the time and date of his removal proceedings wasn't a proper NTA for jurisdictional purposes, and that an IJ reviewing his case based on that flawed NTA therefore lacked jurisdiction over his entire removal proceeding. *Id.* at 1153. We held, however, that § 1003.14(a) and § 1229(a) created only a claim-processing rule regarding an NTA's service and filing. *Id.* at 1155–57. Therefore, even though the petitioner's notice was deficient for lack of a date and time of the removal proceedings, the IJ still had jurisdiction over the removal proceedings. *Id.* at 1157.

After *Perez-Sanchez*, the Supreme Court weighed in on the necessary components of an NTA. In *Niz-Chavez v. Garland*, the Court held that the stop-time rule may be triggered only by a single document that contains all of the information required to be in an NTA. 141 S. Ct. 1474, 1486 (2021). Although *Niz-Chavez* discusses § 1229(a) and NTA compliance, it does not squarely control the jurisdictional issue that Gayatn-Reyes raises here, nor does it abrogate this Court's decision in *Perez-Sanchez*. *Compare Niz-Chavez*, 141 S. Ct. at 1479, 1484, *with Perez-Sanchez*, 935 F.3d at 1155–57. After *Niz-Chavez*, we reiterated that the NTA requirements in

22-11891              Opinion of the Court                    5

8 U.S.C. § 1229(a) are not jurisdictional and, instead, "set[] forth only a claim-processing rule." *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1322 (11th Cir. 2021) (quoting *Perez-Sanchez*, 935 F.3d at 1154–55).

As Gayatn-Reyes conceded in his initial brief, we are bound by *Perez-Sanchez*. In his reply brief, Gayatn-Reyes argues that, upon further review, that decision does not control for various reasons. Unfortunately, he raised that argument too late. By not raising that argument in his initial brief, Gayatn-Reyes abandoned it. In any event, contrary to the position he takes in his reply brief, Gayatn-Reyes's argument that the IJ in his 2016 immigration proceedings lacked jurisdiction over him to order him removed because the NTA was invalid is in fact foreclosed by *Perez-Sanchez*, which is prior panel precedent. Thus, Gayatn-Reyes's conviction under § 1326(a) was proper.

**AFFIRMED.**